## WALKER v. SINGLETON et al.

No. 4065.    Decided March 26, 1924.    Rehearing denied April 18, 1924.    (225 Pac. 81.)

1. TRIAL—FINDINGS MAY BE BROADER THAN PLEADINGS. In an equity proceeding, the findings may in some details be broader than the allegations of the pleadings.

2. JUDGMENT—RELIEF MAY BE SOMEWHAT BROADER THAN SPECIFIC RELIEF PRAYED FOR. In an equity proceeding, where general and specific relief are prayed for, the relief granted may be somewhat broader than the specific relief prayed for.

3. APPEAL AND ERROR—OBJECTIONS TO FINDINGS NOT CONSIDERED, WHERE WHAT EVIDENCE DISCLOSED NOT SHOWN. Where the Supreme Court has no means of determining what the evidence disclosed, objections to findings cannot be considered.

4. PARTITION—IN CASE OF SALE, PROCEEDS DIVIDED IN PROPORTION TO INTEREST OF PARTIES. Where plaintiff is the owner of 75.56 per cent. of a lot, he is entitled to 75.56 per cent. of the proceeds of the sale, and the person who owns the remaining 24.44 per cent. is entitled to the remainder of the proceeds, and a decree that the plaintiff be paid a specific sum of money out of the

proceeds, regardless of the amount realized by the sale, cannot be sustained.

Appeal from District Court, Fourth District, Utah County; *Elias Hansen*, Judge.

Suit by W. R. Walker against Merrill Singleton and another. Judgment for plaintiff, and defendants appeal.

REVERSED, and cause remanded, with directions to modify the conclusions of law so as to conform them to the following opinion.

*Morgan, Coleman & Straw*, of Provo, for appellants.

*Hatch & Porter*, of Provo, for respondent.

FRICK, J.

This is an appeal upon the judgment roll. There are more than thirty errors assigned, and practically all of them are relied on in the brief of counsel for appellants. The pleadings are more or less verbose and hence very long. Moreover, the nature of the action and the relief sought are such that an appeal on the judgment roll without the evidence necessarily confines our power of review within very narrow limits. In view of this nothing could be accomplished by setting forth the pleadings or to do that even in substance. We shall therefore confine ourselves to a brief statement of the matters that we are permitted to review.

The plaintiff as the assignee of one A. S. Rogers brought this action to set aside a certain deed in which the defendant Merrill Singleton conveyed to his mother and codefendant Phœbe Singleton a certain lot in Springville, Utah county. While the transactions in question were all had between said Rogers and the defendant Merrill Singleton, we shall nevertheless, for convenience, hereinafter treat the plaintiff in this opinion as though he had been a party to the transactions with Singleton, and Rogers will not be considered further.

The plaintiff, in his complaint, alleged that the conveyance aforesaid was made to defraud him of his interest in said lot, that the defendant Phœbe Singleton had full knowledge of plaintiff's interest in said lot, and that the title thereto was taken in the name of her son for convenience merely, and that he held the same for the benefit of both himself and plaintiff. The transactions involved here are set forth with much particularity in plaintiff's complaint, and the reasons why the court should find and declare that he owned a specific interest in said lot and why Phœbe Singleton should be declared to hold the title thereto subject to plaintiff's interests are also fully stated. Plaintiff prayed judgment that he be adjudged to be "the owner of an undivided 75.56 per cent. of, in, and to said lot, plus the sum of $270, by reason of the additional lien put upon said lot by the defendant Merrill Singleton," and that plaintiff have judgment against Merrill Singleton for 75.56 per cent. of the "rents, issues, and profits" that the latter had obtained from the said lot, and for general relief.

The defendants filed separate answers in which they denied plaintiff's version of the transaction set forth in the complaint and in detail set forth their own version. The averments in said answer are, however, not material to this decision. The defendant Phœbe Singleton, in her answer, in addition to denying plaintiff's alleged interest in said lot, also averred that she paid full value therefor and that she had no notice of plaintiff's interest therein, etc., at the time she received the deed therefor.

A trial to the court resulted in findings in which in substance the plaintiff's contentions were upheld. The court also found that the defendant Phœbe Singleton had purchased the property with full notice of plaintiff's rights and that she held the title to the lot subject to plaintiff's interest therein. The findings in some respects are somewhat confusing if not conflicting. For example, the district court found that originally the defendant Merrill Singleton had obtained the title in trust for the benefit of both himself and plaintiff, and that plaintiff is entitled to 75.56 per cent. of said lot and the de-

fendant Merrill Singleton 24.44 per cent. thereof, yet, notwithstanding the finding that the plaintiff has a specific interest as aforesaid, the court nevertheless found and adjudged that the defendants should pay the plaintiff a specific sum of money and that if they failed to do so within the time fixed by the court the lot should be sold and that after all the costs were paid the plaintiff out of the proceeds of such sale, should be paid the amount fixed by the court in full with interest, . regardless of the amount that may be realized from said lot, and that the remainder, if any, should be paid to defendant Phœbe Singleton.

The defendants, in numerous assignments of error, assail the complaint, the findings of fact, the conclusion of law, and the judgment. We need not pause here to set forth the assignments of error nor to state our reasons for not doing so. It must suffice to say that, although the **1, 2** complaint is subject to criticism in some particulars, it nevertheless is not vulnerable to the many objections urged against it, and especially not upon an appeal upon the judgment roll in an equity proceeding. In such a proceeding it often occurs that in presenting the evidence the parties voluntarily depart somewhat from the strict allegations of the pleadings, and the findings likewise may in some details be broader than the allegations of the pleadings. It may also be the case that where both specific and general relief are prayed for, as in this case, the court may not follow the prayer for specific relief, but may grant general relief. Such seems to have been the course pursued in the case at bar. The objection, therefore, that the relief granted by the court is broader than the specific relief prayed for, is not tenable.

Nor, in view that we have no means of determining what the evidence disclosed, can the many objections **3** to the findings be given any consideration.

There is one objection raised, however, that it is our duty to consider. As already pointed out, the court adjudged the plaintiff to own a specific interest in the lot in question amounting to 75.56 per cent. and that the defendant Merrill Singleton owned the remaining interest of 24.44 per cent.

which was by him conveyed to his codefendant Phœbe Singleton. Notwithstanding that, the court ordered the lot sold and further ordered that out of the proceeds the plaintiff be paid the full amount of his claim, expressed in dollars and cents, with interest. This judgment plainly is contrary to the equities of the case and to the rights of the parties. If the plaintiff is the owner of a specific interest less than the whole, and the defendant Merrill Singleton or his mother, the grantee, is the owner of the remainder, then in case the lot is sold each one is necessarily entitled to the proceeds of such lot in proportion to the interest of each; that is, if the plaintiff is the owner of 75.56 per cent. of the lot he is entitled to 75.56 per cent. of the proceeds and no more, and the person who owns the remaining 24.44 per cent. is entitled to the remainder of the proceeds. If, therefore, the decree as it now stands is enforced, plaintiff may obtain an undue advantage by being paid the full amount of his claim with interest when the whole lot may not sell for more than enough to pay plaintiff's claim. In such event the defendant would have to bear all the loss. It must be kept in mind that the action in the instant case is not one in the nature of a creditor's bill where a party has obtained a personal judgment against a fraudulent grantor, and it is sought to enforce a judgment against the property of the judgment debtor, the title to which has passed into the hands of a third person who is charged as a fraudulent grantee. In the case at bar the plaintiff is adjudged to be the owner of a specific interest in the lot in question and that the present grantee holds the title thereto in trust for the plaintiff. While, under certain circumstances, even in such a case it may be quite proper to order the lot sold, yet, if such be done, the proceeds of sale must be divided in proportion to the interests as they are adjudged to be. Assuming that in this case the lot had advanced in value so that the value thereof would have been greatly in excess of what it had cost the parties, then the plaintiff would necessarily be the loser, while, as pointed out, if the property sells for less than it cost the parties, then the defendant must lose.

From what has been said it follows that, although it be conceded that the district court's findings of fact are unassailable because we must assume that they conform to the evidence produced, yet the court's conclusions of law and judgment, for the reasons stated, cannot be permitted to stand. It is therefore ordered that the conclusions of law be, and the same are hereby, set aside and annulled and the judgment reversed, that the cause be remanded to the district court of Utah county, with directions to amend its conclusions of law so as to conform them to the views herein expressed, and, unless the parties agree to a different disposition to enter judgment that the lot be sold and the proceeds of sale, after the payment of costs, be divided in proportion of 75.56 per cent. to the plaintiff and the remaining 24.44 per cent. to the defendant Phœbe Singleton as the grantee. It is further ordered that the costs of this appeal be paid as follows: 75.56 per cent. by the plaintiff and the remaining 24.44 per cent. by the defendants.

GIDEON, THURMAN, and CHERRY, JJ., and WIGHT, District Judge, concur.

WEBER, C. J., did not participate herein.